IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PORCHE BODDIE
   *Plaintiff*,

v.

MILESTONE RETIREMENT
RETIREMENT, LLC d/b/a MILESTONE
RETIREMENT COMMUNITIES, *et al*.,

   *Defendants*.

Civil Action No.  ELH-21-1814

**MEMORANDUM**

Plaintiff Porche Boddie filed a wrongful termination action in the Circuit Court for Baltimore City on June 3, 2021, against Milestone Retirement Retirement, LLC, d/b/a Milestone Retirement Communities;[1] Pikesville Operating, LLC d/b/a Woodholme Gardens Asst. Living ("Pikesville Operating"); and Elegance Living, LLC ("Elegance Living").  ECF 4 (the "Complaint").  In short, plaintiff alleges that she was removed from her position at defendants' nursing home because she filed a claim for workers' compensation benefits after she was injured in the course of her employment.

On July 21, 2021, on the basis of diversity jurisdiction, Milestone Retirement and Elegance Living removed the case from State court, pursuant to 28 U.S.C. §§ 1332(a) and 1441.  ECF 1 (the "Notice").  In the Notice, defendants assert that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because: "(1) [T]he amount in controversy exceeds the sum or value of

---

[1] Milestone Retirement Communities, LLC and Elegance Living, LLC posit that defendant incorrectly identified Milestone Retirement Communities, LLC as Milestone Retirement Retirement, LLC.  ECF 1 at 1 n.1.  Indeed, they dispute that an entity known as Milestone Retirement Retirement, LLC even exists.  *See* ECF 17 at 6.  Given this discrepancy, I shall refer to Milestone Retirement Communities, LLC as "Milestone Retirement" and Milestone Retirement Retirement, LLC as "MRR."

$75,000, exclusive of interest and costs; (2) the Plaintiff's state of citizenship is Maryland; (3) no Defendant is a citizen of Maryland; and (4) even if Elegance Living, LLC and Pikesville Operating, LLC are citizens of Maryland, they are not properly named as Defendants because they were not and could not have been Plaintiff's employer and were improperly joined in the lawsuit for the purpose of avoiding diversity jurisdiction." ECF 1 at 4.

Plaintiff claims all defendants were served. ECF 6. However, service is disputed. ECF 1 at 3 n.3. Nor has Pikesville Operating appeared in this Court or joined in the removal.

Plaintiff filed a timely motion to remand the case to State court, pursuant to 28 U.S.C. § 1447. ECF 12 (the "Motion"). Defendants Milestone Retirement and Elegance Living (collectively, the "Active Defendants") oppose the Motion. ECF 17 (the "Opposition"). Both the Motion and the Opposition are supported by numerous exhibits. Plaintiff has not replied and the time to do so has expired. *See* Local Rule 105.2.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

**I.    Background**

Plaintiff alleges that she was employed by the "Defendant(s)" as a "Caregiver," from "approximately July 7, 2016 to February 13, 2019." ECF 4, ¶¶ 4-5. Although it is not made clear in the Complaint, subsequent filings reveal that plaintiff worked at a facility known as Woodholme Gardens. *See* ECF 1 at 2; ECF 12 at 3-4; ECF 17 at 5.

On January 26, 2019, while plaintiff was at work, she "sustained an injury to her neck, back, and left shoulder," that "prevented her from working her full job." ECF 4, ¶¶ 7, 9. Approximately one week later, plaintiff sought "medical treatment for her injuries," pursuant to which she was placed "on a light duty capacity." *Id.* ¶ 9. Although the "Defendant(s)" initially

2

told plaintiff that "no light-duty work" was available and she would be removed "from the schedule," the "Defendant(s)" soon reversed their position, indicating that they would allow Plaintiff to work "light-duty tasks as required . . . ."  ECF 4, ¶¶ 10-12.

Ms. Boddie alleges that after arriving at work for "her scheduled shift" on February 13, 2019, she obtained permission to attend physical therapy later that morning, "due to a doctor appointment related to her workplace injury."  *Id.* ¶ 17.  But, "[o]n the way to physical therapy," plaintiff "received a text message from a co-worker" indicating that "the Health and Wellness Director for the Defendant facility, was attempting to determine the Plaintiffs [sic] whereabouts."  *Id.* ¶ 18.  Plaintiff called the Director and explained the circumstances of her absence but was told to "return to work immediately."  *Id.* ¶¶ 18-19.  When Ms. Boddie called the Director again "several minutes later," Ms. Boddie was informed that "her 'services were no longer needed,'" purportedly because she "had 'no-call/no-shows.'"  *Id.* ¶¶ 21-22.

Plaintiff argues that the rationale that she was provided for her termination was "untruthful and deliberately made to circumvent Defendant's exposure to allegations of wrongful discharge."  *Id.* ¶ 23.  Indeed, according to Ms. Boddie, "the true reason" for her termination was "solely due to her lawful pursuit of workers' compensation benefits."  *Id.* ¶ 24 (emphasis omitted).

The Complaint contains a single count, titled "Wrongful Discharge/Termination."  *Id.* at 4.  The claim is predicated on Md. Code, § 9-1105 of the Labor and Employment Article.  *Id.* ¶ 27.  Plaintiff seeks compensatory damages "in an amount in excess of" $75,000.00 as well as "an award of punitive damages . . . in an amount of" $500,000.00.  *Id.* at 5-6.

Ms. Boddie asserts that the "Defendant(s)" are all "incorporated entities in the state of Maryland that regularly conduct business in Baltimore City."  *Id.* ¶ 1.  Moreover, she posits that the "Defendant(s) were/are a business entity in the field of nursing homes/assisted living/medical

facility . . . ." ECF 4, ¶ 3. But, the Complaint does not state with particularity the nature of the connection between the named defendants and Woodholme Gardens.

In the Motion, however, plaintiff further addresses this point. First, she claims that Pikesville Operating was the "sole owner" of Woodholme Gardens at the time plaintiff was fired. ECF 12 at 3.[2] And, Ms. Boddie notes that MRR is "a connected organization to Milestone," which, acting with Milestone, was allegedly "involved at the parent organization level in the wrongful termination that ensued." *Id.* at 1.

For their part, the Active Defendants concede that "[e]ntities associated with Milestone Retirement Communities, LLC provided services pertaining to Woodholme Gardens during 2019." ECF 1 at 3. But, the Notice provides that Pikesville Operating could not have been involved with Woodholme Gardens when plaintiff was terminated, because Pikesville Operating did not exist at that time. *Id.* at 6-7. Indeed, in the Opposition, the Active Defendants point out that Pikesville Operating was formed on May 15, 2009, and dissolved on December 20, 2016. ECF 17 at 4. An exhibit appended to the Opposition corroborates these assertions. *See* ECF 17-1 at 2-4.

Likewise, the Active Defendants state that Elegance Living was not formed until seven months after plaintiff was terminated from her position with Woodholme Gardens. ECF 1 at 7; ECF 17 at 7. Their account is borne out by an exhibit filed as an attachment with the Opposition. ECF 17-6 at 3-4.

---

[2] Later in the Motion, Ms. Boddie posits that Pikesville Holdings, LLC ("Pikesville Holdings"), which is the sole member of Pikesville Operating, "managed/owned . . . Woodholme at the time of the termination and Plaintiff's prior employment." ECF 12 at 4. To the extent this assertion contradicts plaintiff's earlier contention, plaintiff does not attempt to explain the contradiction.

4

And, the Active Defendants maintain that the Complaint incorrectly identified Milestone Retirement as MRR, an entity that does not exist. ECF 1 at 1 n.1. Moreover, in an exhibit appended to the Opposition, Paul Dendy, the "Chief Executive Officer" of Milestone Retirement, denied being a member of, working for, or associating with an entity known as MRR. ECF 17-3, ¶¶ 4, 9-10. Indeed, Mr. Dendy asserts that "[p]rior to Plaintiff Porche Boddie filing" this lawsuit, he had "never heard of an entity named Milestone Retirement Retirement, LLC." *Id.* ¶ 8.

## II. Legal Standard

Defendants have invoked the Court's diversity jurisdiction, which plaintiff challenges. In the absence of diversity, this Court would lack subject matter jurisdiction. *See Garner v. Supervalu, Inc.*, DKC-08-895, 2008 WL 11416969, at *1 (D. Md. June 4, 2008) ("The motion to remand challenges the Defendant's assertion of diversity jurisdiction and is akin to a motion to dismiss for lack of subject matter jurisdiction . . . .").

In the present posture, the burden of demonstrating jurisdiction and the propriety of removal rests with the removing party. *See McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010); *Robb Evans & Assocs. v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc). Therefore, "[i]f a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). And, if "a case was not properly removed, because it was not within the original jurisdiction" of the federal court, then "the district court must remand [the case] to the state court from which it was removed." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8 (1983) (citing 28 U.S.C. § 1447(c)).

A test of subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted); *see also Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 736 (D. Md. 2001).

In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns,* 585 F.3d at 192; *see also Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). In a factual challenge, on the other hand, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004).

Plaintiff's challenge is essentially a factual one, attacking defendants' assertion of diversity. *See* ECF 12 at 2-5. Accordingly, I may consider the evidence presented by the parties with their memoranda. *Velasco*, 370 F.3d at 398.

### III.   Discussion

In the Notice, the Active Defendants assert that this Court has diversity jurisdiction. ECF 1 at 2. Moreover, they contend that, to the extent that either Pikesville Operating or Elegance Living is not diverse from plaintiff, their joinder to the Complaint was fraudulent and thus does not deprive the Court of jurisdiction. ECF 1 at 2, 7.

6

Plaintiff argues that a remand to State court is necessary because there is not complete diversity between the parties. ECF 12 at 3. Specifically, plaintiff contends both she and defendant Pikesville Operating are citizens of Maryland. *Id.* at 3-4. Moreover, plaintiff claims that she "can establish claims against Pikesville, MRR, Milestone, Woodholme, and Elegance." *Id.* at 4.

The Active Defendants oppose the Motion, declaring that its central argument is premised on "bald assertions and incorrect legal arguments." ECF 17 at 3. The Opposition reasserts that there is complete diversity between the parties. *Id.* at 2. And, the Active Defendants urge that MRR, Elegance Living, and Pikesville Operating cannot be proper defendants in this case because they did not exist at the time plaintiff was fired from Woodholme Gardens. *Id.*

Under 28 U.S.C. § 1441, the general removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be "removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* § 1441(a).

District courts of the United States are courts of limited jurisdiction and possess only the "power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citation omitted); *see Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014). They "may not exercise jurisdiction absent a statutory basis . . . ." *Exxon Mobil Corp*, 545 U.S. at 552. Indeed, a federal court must presume that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper. *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

Congress has conferred jurisdiction on the federal courts in several ways. Of relevance here, Article III, § 2 of the Constitution permits a federal court to decide "Controversies . . .

between Citizens of different States." *Navy Federal Credit Union v. Ltd. Financial Services LP*, 972 F.3d 344, 352 (4th Cir. Aug. 20, 2020); *see Exxon Mobil Corp.,* 545 U.S. at 552. Diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of *every* plaintiff must be different from the citizenship of *every* defendant." *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (emphasis added); *see Strawbridge v. Curtiss,* 7 U.S. 267 (1806). Moreover, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332.

Under 28 U.S.C. § 1332(c)(1), a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." A corporation's "principal place of business" is "the place where [its] officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). And, since 1844, a "state of incorporation" has been the state by whose laws the corporation was created. *Id.* at 85 (citation omitted).

However, the criteria for citizenship as to a corporation do not apply to a limited liability company ("LLC"). "For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members." *Mountain State*, 636 F.3d at 103. With respect to an LLC, citizenship "must be traced through however many layers of partners or members there may be." *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003). In other words, the citizenship of each member must be considered.

In this case, it is undisputed that the amount in controversy exceeds $75,000. And, no party disputes that plaintiff is domiciled in, and therefore a citizen of, Maryland. *See* ECF 4, ⁋ 2; ECF 17 at 9. Plaintiff's challenge to this Court's jurisdiction rests on the contention that complete diversity is lacking between plaintiff and Pikesville Operating. ECF 12 at 3-4.

8

The Opposition posits that Milestone Retirement is an LLC organized under Delaware law. ECF 17 at 5. Its members allegedly include five individuals who are citizens of Washington State: Paul Dendy, Mark Wiesner, Don Anderson, Patrick Dooley, and Angelo Branch. *Id.* Another member, Caryl Ridgeway, is a citizen of Oklahoma. *Id.* And, Rosalyn Watson, who is also a member, is a citizen of Florida. *Id.* Consequently, the Opposition concludes that Milestone Retirement is a citizen of Washington, Oklahoma, and Florida. *Id.* at 9-10.

Furthermore, the Active Defendants note that Elegance Living is also a Delaware LLC. *Id.* at 7. And, according to the Opposition, the members of Elegance Living include two limited liability entities: JD Elegance, LLC, whose sole member, John Dwyer, is a citizen of Florida, and KA Elegance, LLC, whose sole member, Kenneth Assiran, is a citizen in Pennsylvania. *Id.* Thus, according to the Notice, Elegance Living is a citizen of Florida and Pennsylvania.

Pikesville Operating is likewise a Delaware LLC. ECF 17 at 4. And, in the Notice, the Active Defendants assert that, before it was dissolved, "the sole member of Pikesville Operating, LLC" was another LLC, Pikesville Holdings. ECF 1 at 7. According to the Active Defendants, the sole member of Pikesville Holdings is "Kenneth Assiran, who is a citizen of Pennsylvania." *Id.* For this reason, the Notice contends that Pikesville Operating is "not, and never was, a citizen of Maryland." *Id.*

Plaintiff does not appear to dispute the citizenship of Milestone Retirement or Elegance Living as described in the Notice. However, Ms. Boddie contends that, contrary to the Active Defendants' assertions, Pikesville Operating is a citizen of Maryland. *See* ECF 12 at 3-4. Plaintiff concedes that Pikesville Operating is a limited liability company and that its sole member is Pikesville Holdings. *Id.* at 4. But, the crux of her claim seems to be that Pikesville Holdings, and therefore Pikesville Operating, is a citizen of Maryland. *Id.* As support, Ms. Boddie notes that

Pikesville Holdings's "principal office is located in Baltimore, Maryland." ECF 12 at 4. And, plaintiff has attached an exhibit to the Motion that includes a copy of Pikesville Holdings's Articles of Organization, reflecting that Pikesville Holdings is an LLC and listing Baltimore addresses associated with its principal office and resident agent. *See* ECF 12-4.

Milestone Retirement and Elegance Living posit that plaintiff's evidence is insufficient to establish the citizenship of an LLC. *See* ECF 17 at 3-4. Indeed, the citizenship of an LLC is determined by the citizenship of its members. *See Mountain State*, 636 F.3d at 103. The location of its principal office or resident agent has no bearing on the issue.

Thus, Pikesville Operating's citizenship depends upon the citizenship of Pikesville Holdings's members. And, as earlier described, the Active Defendants assert in the Notice that Kenneth Assiran, the sole member of Pikesville Holdings, is a citizen of Pennsylvania. ECF 1 at 6-7. Ms. Boddie does not assert that Pikesville Operating has another member, other than Pikesville Holdings; that Pikesville Holdings has another member, other than Kenneth Assiran; or that Kenneth Assiran is a citizen of a state other than Pennsylvania. Therefore, in the absence of any contravening evidence, I am satisfied that Pikesville Operating is a citizen of Pennsylvania.

Finally, if, as plaintiff contends, MRR is an actual entity that is distinct from Milestone Retirement, its presence in this case would not deprive the Court of jurisdiction. Ms. Boddie claims that MRR is a limited liability company "connected . . . to Milestone." ECF 12 at 1. Further, she posits that MRR's sole member is Paul Dendy. *Id.* But, in an affidavit appended to the Opposition, Mr. Dendy asserts that he is a citizen of the State of Washington. *See* ECF 17-3, ¶ 7.

Ms. Boddie does not offer any evidence suggesting otherwise. Because an LLC's citizenship is determined by the citizenship of its members, MRR would be a citizen of Washington

State. Accordingly, assuming the truth of plaintiff's allegations, there is complete diversity between the parties.

### IV.     Conclusion

In sum, I am persuaded that the parties are diverse and the Active Defendants have adequately invoked this Court's subject matter jurisdiction. Therefore, I shall deny the Motion.[3]

An Order follows, consistent with this Memorandum.


Date: October 5, 2021                                  /s/
                                                       Ellen L. Hollander
                                                       United States District Judge

---

[3] As such, I need not evaluate the Opposition's arguments regarding plaintiff's alleged fraudulent joinder of Pikesville Operating and Elegance Living.

11